JANVIER, Judge.
Plaintiff corporation, engaged in the business of repairing automobiles, alleges that, on her order, it made certain repairs to the car of defendant and brings this suit against her, praying for judgment in the sum of $293.02 alleging that to be the proper charge for the said repairs.
Defendant filed answer in which she admitted only her name and residence, denying categorically all of the remaining allegations of the petition, and she has appealed suspensively and devolutively from a judgment against her as prayed for.
Although in her answer she in effect denied that the repairs had been made, she admitted that she had ordered them and now seems to contend only that the repairs, though made, were defective, although her counsel, as we shall later show, stated that her contention is that the repairs were not made.
Plaintiff corporation did a certain part of the work, but since its shop was not equipped with the special tools required to do repair work on the hydramatic or dyna-flow transmission, turned over this part of the work to another shop which had the necessary tools and which is operated by Felix de Boisblanc, who charged plaintiff $201.14 for the transmission repairs, which amount was paid to de Boisblanc by plaintiff corporation.
Defendant maintains that, in order to prove the correctness of the charges or that such work was done, it is necessary that the actual employee who did the work in plaintiff’s shop and the actual employee who did the work in de Boisblanc’s shop must be produced as witnesses, and that therefore plaintiff should not recover since it placed on the witness stand neither of these employees and relied only on the testimony of the vice-president of plaintiff corporation and on the testimony of de Boisblanc.
■Lester E. Sweet, vice-president of the plaintiff corporation, testified that he was familiar with the work that was done; that he saw the old parts which had been taken out of the transmission at de Boisblanc’s shop and that both the charge made by his company and the charge made by de Bois-blanc were reasonable.
De Boisblanc testified that, though he had not himself done the transmission work, he had taken the parts from his supply department, had furnished them to the mechanic, was familiar with the work which was done and that the charge was proper.
In the absence of any acceptable evidence to the contrary, the evidence tendered by plaintiff is sufficient to establish its claim.
Defendant complains that certain evidence which she attempted to offer was improperly excluded. We do not so interpret the record.
Defendant’s answer constituted in effect a general denial. She called as a witness another mechanic, Bernard F. Gorey. He had apparently done certain work on the transmission of her car about two months after the car had been returned to her by plaintiff corporation.
Counsel for plaintiff objected to any testimony by Gorey on the ground that since defendant had denied that any work had been done and had not made the special defense that the work, though done, was *522 improper, she should not be permitted to enlarge her pleadings by evidence tending to show that the work was done, but was not correctly done.
In answer to this objection, counsel for defendant stated that the evidence tendered was for the purpose of showing that the work had not been done. The witness was then permitted to testify and he said that he had done work on the transmission system of defendant’s car and that, when it was brought to him, which was obviously about two months after it had been delivered by plaintiff corporation to defendant, the transmission was not working properly.
This evidence is not sufficient to overcome the positive testimony to the effect that the work was done and that the charges were proper.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.